**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SUKHWINDER SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-1065

Agency No.
A208-203-444

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2024**
San Francisco, California

Before: GOULD, TALLMAN, and R. NELSON, Circuit Judges.

Sukhwinder Singh petitions for review of a Board of Immigration Appeals

("BIA") affirmance of a decision by an immigration judge ("IJ") denying his

applications for asylum, withholding of removal, and relief under the Convention

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and ordering his deportation to India. Singh contends that the agency violated his Fifth Amendment due process rights because the official Punjabi interpreter at Singh's merits hearing provided inadequate interpretation services, preventing Singh from reasonably presenting his case. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny Singh's petition for review.

In cases where "the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review due process challenges to deportation proceedings *de novo*. *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021). We review the agency's factual findings, including adverse credibility determinations, "under the deferential substantial evidence standard." *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Under that standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); 8 U.S.C. § 1252(b)(4)(B). The deference we give to the agency's credibility determinations pursuant to the REAL ID Act "makes sense because IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010).

1. "Due process requires that an applicant be given competent translation

services." *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003). "To prevail on a due process challenge to deportation proceedings, [a noncitizen] must show error and substantial prejudice." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quoting *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)).

Singh urges that there were several potential mistranslations or misunderstandings in the transcript, including moments when: (1) Singh misunderstood his attorney's question about whether he had lived in any Indian state other than Punjab; (2) the interpreter did not include the word "Khalistan" in her interpretation but the attorney asked additional questions and Singh explained the meaning of "Khalistan"; (3) the interpreter initially did not understand Singh's response, but Singh's attorney proceeded to ask additional questions so that Singh could clarify his answer; and (4) the interpreter could not translate a specific word about Singh's wife's reaction but explained the meaning of the word.

However, Singh does not show that any English-Punjabi interpretation issues substantially prejudiced the proceedings or "prevented" him "from reasonably presenting his case." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006)). In each instance of potential mistranslation or miscommunication, the IJ was aware that there was an issue, and Singh was afforded opportunities to clarify his answers. Moreover, for Singh to establish a due process violation, the errors he

identifies must "substantial[ly] prejudice" the proceedings. *Grigoryan*, 959 F.3d at 1240. The IJ based her adverse credibility determination on inconsistencies, otherwise consistent testimony, demeanor, and inherent implausibility. The inconsistencies that the IJ identified did not relate to the potential mistranslations that had been clarified; rather, they related to the medical treatment Singh received after being attacked, discrepancies between Singh's testimony and the letters from hospitals he submitted as evidence, and Singh's changing testimony about whether he was a member of the Mann political party. The IJ also noted that Singh's testimony was otherwise consistent with the typed statement he submitted with his application, but that his recitation of those facts "lacked the ring of truth." Finally, the IJ found Singh's testimony inherently implausible because (1) Singh articulated a choice to leave his family behind; and (2) Singh's explanation of his injuries did not align with the medical treatment he received. Because Singh neither showed that the issues with interpretation prejudiced the IJ's credibility determination, nor that the interpretation was inadequate and prevented him from reasonably presenting his case, we deny the petition for review of his asylum and withholding of removal claims.

2. Singh does not appear separately to petition for our review of the agency's denial of his application for CAT relief, and it appears that he waived any CAT claim before the BIA. Even if Singh petitioned for review of the CAT

determination and his claim is not waived, there is not substantial evidence that would compel us to grant the petition as to Singh's CAT claim. Relying on Singh's testimony and documentary evidence, the IJ reasonably concluded that Singh neither established that he suffered past harm rising to the level of torture; nor that he is more likely than not to be tortured upon return to India. We have not found substantial evidence in the record that would compel us to conclude that Singh is more likely than not to be tortured if removed to India. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022).

**PETITION DENIED**